# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **DALE ROBERT JAVINO,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 23-cv-01678 (APM) |
| ) | |
| **MATTHEW W. HURD, et al.,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This Freedom of Information Act case arises out of a request made by Plaintiff Dale Robert Javino to the Federal Bureau of Investigations (FBI) for records relating to a contact that the FBI made with him on January 7, 2022. *See* Compl., ECF No. 1, Ex. 1, ECF No. 1-1, at 7 (Plaintiff's FOIA request). That contact concerned Plaintiff's alleged actions on January 6, 2021, in Washington, D.C., at the U.S. Capitol. *Id.* The FBI identified 1,619 pages of documents, most of which it did not disclose on various grounds. Defs.' Mot. for Summ. J., ECF No. 15 [hereinafter Defs.' Mot.], Decl. of Shannon R. Hammer, ECF No. 15-5 [hereinafter Hammer Decl.], ¶ 4. Defendants then moved for summary judgment as to the scope of its search and its reliance on Exemptions 3, 5, 6, 7(A), 7(C), 7(D), and 7(E) to withhold records and information. *See generally* Defs.' Mot., Mem. of P&A in Supp., ECF No. 15-1 [hereinafter Defs.' Mem.]. Plaintiff largely did not respond to the arguments raised by Defendants. *See generally* Pl.'s Opp'n to Defs.' Mot., ECF No. 17 [hereinafter Pl.'s Opp'n]. Instead, he protested the non-disclosure of the identity of the person who Plaintiff believes provided false information to the FBI about what he did on January 6th. *Id.* at 2. The FBI withheld that information based on Exemptions 6, 7(C), and 7(D). Defs.' Mem. at 20–21, 22–27. As explained below, Defendants' motion is granted.

For starters, "[b]ecause [Plaintiff] failed to oppose the government's application of a particular withholding or redaction, the Court infers that he no longer seeks those documents (and thus that there is no longer any controversy as to them)." *Block v. U.S. Dep't of Just.*, No. 1:19-cv-03073 (CJN), 2022 WL 683569, at *3 (D.D.C. Mar. 8, 2022); *see also Schaerr v. U.S. Dep't of Just.*, 435 F. Supp. 3d 99, 109 (D.D.C. 2020)*; Shapiro v. U.S. Dep't of Just.*, 239 F. Supp. 3d 100, 105–06, 106 n.1 (D.D.C. 2017). Therefore, the court grants Defendants summary judgment as to the scope of its search and all withholdings to which Plaintiff did not object.

As to the one piece of contested withheld information—the identity of the source—the FBI properly withheld the individual's name under Exemptions 6, 7(C), and 7(D). As to Exemption 7(D), the FBI has established that it received information from the source under an assurance of confidentiality. *See* Hammer Decl., ¶¶ 73–79. Under the law of this Circuit, "once an agency establishes that it received the requested information in confidence, 'the source will be deemed a confidential one, and both the identity of the source and the information he or she provided will be immune from FOIA disclosure.'" *Parker v. U.S. Dep't of Just.*, 934 F.2d 375, 378 (D.C. Cir. 1991) (citation omitted). Accordingly, the withholding of the source's identify was proper under Exemption 7(D).

The same holds true under Exemptions 6 and 7(C). A confidential law enforcement source has a substantial privacy interest in their relationship to an investigation remaining secret. *Roth v. U.S. Dep't of Just.*, 642 F.3d 1161, 1174 (D.C. Cir. 2011); Hammer Decl. ¶¶ 62–63. Plaintiff, on the other hand, has articulated no public interest. To the contrary, the only interest in disclosure he identifies is a personal one. Pl.'s Opp'n at 2 (stating that he "wish[es] to prosecute this person sue for defamation and slander or whatever legal vehicle I can use to prevent disgruntled parties from bearing false witness in the future") (citation omitted). "[E]ven a modest privacy interest,

outweighs nothing every time." *Nat'l Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989).  The FBI thus also properly withheld the source's identity under Exemptions 6 and 7(C).

For the foregoing reasons, Defendants' Motion for Summary Judgment, ECF No. 15, is granted.  A separate final order accompanies this Memorandum Opinion.

Dated: June 20, 2025

Amit P. Mehta
United States District Judge